## J. and R. LOWRY *v.* WILLIAM TULLIS.

CIRCUIT CLERK: POWER OF COURT TO MAKE TEMPORARY APPOINTMENT OF.—If the circuit clerk be absent in term time, the court may appoint a clerk *pro tem.* but the appointment will not continue longer than the absence of the clerk, who upon his return will be entitled to the office.

IN error from the Circuit Court of Simpson county. Hon. John E. M'Nair, judge.

*H. F. Johnson,* for plaintiffs in error.

No counsel appeared for defendant in error.

FISHER, J., delivered the opinion of the court.

This was a motion in the Circuit Court of Simpson county to quash an execution, on the ground that it was not issued by the clerk of said court.

The facts as disclosed by the record are as follows :—Mendenhall, who issued the execution, was duly elected at the November election, in 1855, clerk of said court, and was regularly commissioned and qualified as such. Being absent at the June term, 1856, of said court, the presiding judge declared the office " vacated," and appointed another person as clerk. Mendenhall returning soon thereafter resumed the duties of the office, and issued the execution in question. The court below not consider-ing him the clerk of the court, quashed the execution.

The court was permitted under the provisions of the statute to make a temporary appointment during the absence of the clerk; but such appointment could not be valid, or continue longer than the clerk elected might choose to permit it to continue. The court could not by an *ex parte* proceeding, deprive the clerk of his office; and while the court might declare that there was a vacancy so as to justify a temporary appointment, yet such order could only be operative so far as to give validity to the acts of the person so appointed, and not to deprive the party rightfully entitled, of the office.

We are therefore of opinion that the execution was issued by the person legally in the office of clerk of said court, and that the order quashing the execution is erroneous.

Judgment reversed, and motion overruled.